UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JEAN JOSEPH FRANK,

    Petitioner,

v.                                         Case No: 5:21-cv-251-BJD-PRL

WARDEN, FCC COLEMAN –
MEDIUM,

    Respondent.
_____

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Petitioner, an inmate of the Federal Bureau of Prisons proceeding pro se, initiated this action by filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1; Petition). Petitioner challenges his 2004 conviction and sentence imposed by the United States District Court for the Southern District of Florida. See Petition at 1, 6, 7. Petitioner concedes he has already moved the sentencing court to vacate his sentence under 28 U.S.C. § 2255. Id. at 4. It appears Petitioner seeks to invoke this Court's jurisdiction under § 2255's saving clause, though he offers no explanation why a remedy under § 2255 was inadequate or ineffective to challenge his conviction or sentence. See Petition at 5. He merely contends that he "believe[s] [his] crime is not a violence crime," and he should be pardoned. Id. at 6-8.

A motion to vacate under § 2255 is the "exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy the 'saving clause.'" McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1079, 1081 (11th Cir. 2017) ("Congress gives a federal prisoner one opportunity to move to vacate his sentence."). The saving clause is triggered only when a prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." See § 2255(e). Only in three narrow circumstances is a remedy under § 2255 "inadequate or ineffective to test the legality" of a petitioner's detention:

> (1) when raising claims challenging the execution of the sentence, such as the deprivation of good-time credits or parole determinations; (2) when the sentencing court is unavailable, such as when the sentencing court itself has been dissolved; or (3) when practical considerations, such as multiple sentencing courts, might prevent a petitioner from filing a motion to vacate.

Bernard v. FCC Coleman Warden, 686 F. App'x 730, 730-31 (11th Cir. 2017) (citing McCarthan, 851 F.3d at 1092-93). If a petitioner could have brought or did bring his claims in a § 2255 motion, the remedy is adequate and effective even if he ultimately was unsuccessful. "'Remedy' as used in the saving clause does not promise 'relief.'" McCarthan, 851 F.3d at 1086.

Petitioner is not entitled to proceed under § 2241 because the limited circumstances under which § 2255's saving clause applies are not present:

2

Petitioner does not challenge the execution of his sentence, and the single sentencing court remains available. See Bernard, 686 F. App'x at 730-31. In fact, Petitioner already tested the legality of his sentence by filing a § 2255 motion in the sentencing court. The Southern District's docket reflects that the sentencing court denied Petitioner's motion to vacate his sentence, and the appellate court denied his motion for a certificate of appealability. See Case No. 1:06-cv-21247-JEM (S.D. Fla.).

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk of Court** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of May 2021.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Jean Joseph Frank